# ORIGINAL

SHARON M. ROSE
Lavery & Rose, P.C.
913 Center Street
P.O. Box 890
Evanston, WY 82931
Phone (307) 444-4200
Fax (307) 444-0559


FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

DEC 2 1 2005

Stephan Harris, Clerk
Cheyenne

Attorney for Plaintiff

## IN THE U.S. DISTRICT COURT

## IN AND FOR THE DISTRICT OF THE STATE OF WYOMING
### CIVIL NO. 0 5 C V   3 2 1 ᕋ

| WILLIAM AND DEBRA TRUJILLO, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) |
| | ) |
| PACIFICORP, an Oregon corporation, | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

COMES NOW, the Plaintiffs in the above-entitled matter, by and through their attorney, Sharon M. Rose, of Lavery & Rose, P.C., and for their cause alleges as follows:

### NATURE OF THE ACTION

This is an action under the Americans with Disabilities Act , 42 U.S.C. § 12101 et seq., ("The ADA") to correct unlawful discriminatory employment practices by the Defendant and to redress violations of the Employee Retirement Income Security Act of

Receipt # 308163
Summons:____ issued
____not issued

1974 ("ERISA"), 29 U.S.C. §§1001, et seq.

## JURISDICTION, VENUE AND PARTIES

1.     Federal Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, and 1343. This action is further authorized and instituted pursuant to the ADA, 42 U.S.C. § 12117 and ERISA Section 29 U.S.C. § 1132(e)(1).

2.     Proper venue for this cause of action is the United States District Court for the District of Wyoming, pursuant to 28 U.S.C. § 1391, regarding plaintiff's disability discrimination claim and pursuant to 29 U.S.C. § 1132(e)(2) regarding the ERISA claim. The unlawful employment practices complained of occurred within the District of Wyoming.

3.     All conditions precedent to jurisdiction under the ADA have occurred or been complied with, to-wit:

a)     The employer's unlawful employment practices commenced on or about June 16, 2003;

b)     Charges of employment discrimination on the basis of age were filed with the State of Wyoming Department of Labor and the Equal Employment Opportunity Commission ("EEOC") within three hundred (300) days of the commission of the unlawful employment practice alleged herein;

c)     A Notification of Right to Sue on the age discrimination charge was received from the EEOC on September 28, 2005; and

d)     This Complaint has been filed within ninety (90) days of receipt of the

2

EEOC's Notification of Right to Sue.

4.     Pursuant to ERISA, 29 U.S.C. § 1132(h), this Complaint shall be served upon the Secretaries of the United States Departments of Labor and the United States Department of the Treasury, by certified mail.

5.     Plaintiffs are citizens of the United States and the State of Wyoming, residing in Rock Springs, Wyoming.  Plaintiffs are aggrieved parties in this action and are authorized to sue to enforce their private rights by virtue of the ADA, 42 U.S.C.A. 12117.

6.     Plaintiffs are also participants in a plan and/or beneficiaries of a plan, within the meaning of ERISA, 29 U.S.C. § 1002(7) and § 1002(8) and are authorized to sue to enforce their private rights by virtue of the ERISA, 29 U.S.C. § 1132.

7.     At all relevant times, Defendant has been and is now an Oregon corporation authorized to do business and doing business in the State of Wyoming.  Defendant owns and operates a power plant in Sweetwater County, Wyoming.

8.     Upon information and belief, Defendant has continuously had and does now have in excess of five hundred (500) employees and is an "employer" within the meaning of the ADA, 42 U.S.C. § 12111(5).

9.     At all times relevant, Defendant was an employer within the meaning of ERISA, 29 U.S.C. § 1002(5).

10.    Defendant is a participating employer in a Health Care Plan which is governed by ERISA, 29 U.S.C. § 1001, et seq.

11.    At all times material hereto, Defendant's agents and employees were acting

3

within the scope of their employment and with the knowledge and consent of Defendant.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

12.     Plaintiffs incorporate herein by this reference the allegations contained in paragraphs 1 through 11 above.

13.     At the time of the adverse employment actions complained of herein, Plaintiffs worked for Defendant PacificCorp in Sweetwater County, Wyoming. Plaintiff William Trujillo had been employed by Defendant for approximately 25 years and Plaintiff Debra Trujillo had been employed for approximately eight years.

14.     During the course of their employment, Plaintiffs participated in the employer provided health insurance plan.

15.     At all times relevant hereto, Plaintiffs' son was suffering from Germinoma / PNET, a brain tumor which later metastasized into the spine. Plaintiffs availed themselves of the health insurance benefits to cover the treatment received by their son.

16.     At the end of May, 2003 Plaintiffs' son suffered a relapse and was deemed to be in the final stages of the cancer. The son's medical care providers recommended aggressive experimental treatments in a last ditch effort to reverse the progression of the disease. In early June, 2003 Plaintiffs' son commenced treatment. The treatment provided resulted in significant claims for health insurance benefits.

17.     Defendant was advised of Plaintiffs' son's condition and the need for treatment.

18.     Within days of Defendant being notified that Plaintiffs' son's condition had

4

deteriorated and that he needed further treatment, Plaintiffs came under investigation by Defendant. On June 16, 2003, Plaintiff William Trujillo was terminated from employment with Defendant and on August 25, 2003, Plaintiff Debra Trujillo was also terminated. The alleged basis for termination was falsification of time records and the proof relied upon was a record of entries and departures from a security gate that Defendant had previously agreed would not be used for timekeeping purposes. Plaintiffs are informed and believe and therefore allege that they were the only two employees investigated and terminated for these alleged violations.

19.     Plaintiffs were both denied progressive discipline which was the normal policy and procedure utilized by Defendant.

20.     Plaintiffs' union grieved the terminations and ultimately, Plaintiff William Trujillo, who was suffering from severe depression and other mental disabilities at the time, was reinstated to employment but retroactively placed on disability leave. He was not however afforded retroactive health insurance benefits. Under Defendant's policies, an employee who is placed on disability leave is normally entitled to continued health insurance benefits.

21.     Likewise as a result of the union grievance, Plaintiff Debra Trujillo was reinstated to full time employment however the five month period from date of termination to date of reinstatement was held to be a suspension. Plaintiff was only afforded one month's retroactive pay.

22.     Despite her reinstatement, Plaintiff Debra Trujillo was also denied retroactive

5

health insurance benefits to which an employee on suspension would normally be entitled.

23.     As a direct and proximate result of Defendant's acts and omissions set forth above, Plaintiffs have suffered economic loss including but not limited to,

        a)     loss of wages by Debra Trujillo for the period of suspension;

        b)     loss of insurance benefits to both Plaintiffs to cover their family's medical expenses which were significant at the time;

        c)     penalties and loss of earning power of both Plaintiffs' 401k funds which they were required to cash out in order to survive;

        d)     loss of a $1,300.00 bonus to Debra Trujillo which was provided to full time employees in January 2004; and

        e)     additional credit card debt and interest incurred by both Plaintiffs in order to survive.

24.     As a further direct and proximate result of the aforesaid acts and omissions of Defendant, Plaintiffs have suffered significant emotional distress, humiliation, embarrassment, loss of enjoyment of life all in an amount to be shown according to proof at time of trial and for which damage they should be justly compensated.

25.     As a further direct and proximate result of the aforesaid acts and omissions of Defendant, Plaintiffs have incurred and will incur attorney's fees and costs herein in an amount yet to be determined.

## COUNT I

### VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT

26.     Plaintiffs incorporate herein by this reference the allegations contained in paragraphs 1 through 25 above.

27.     Plaintiffs' son was an individual with a "disability" as that term is defined in the ADA, 42 U.S.C. § 12102(2). More specifically, Plaintiffs' son had physical impairments that substantially limited one or more of his major life activities.

28.     Plaintiffs being qualified individuals with a "relationship with a person with a disability", were protected by the ADA, 42 U.S.C. §12112(b)(4) from adverse employment actions being taken against them due to the Defendant's fear of and/or dissatisfaction with the mounting health care claims resulting from Plaintiffs association with their disabled son.

29.     Defendant well knew of the association between Plaintiffs and their disabled son.

30.     Plaintiff William Trujillo was qualified for the job he was performing at the time of his termination and had only been subject to one prior verbal warning in the twenty five years of his employment.

31.     Plaintiff Debra Trujillo was qualified for the job she was performing at the time of her termination and had never been subject to any prior disciplinary action and/or criticized for job performance.

32.     Defendants' acts and omissions as set forth above are in direct violation of the

7

ADA, 42 U.S.C., §12112 in that the Defendant discriminated against Plaintiffs on the basis of their association with a disabled person by, among other things:

a) Singling Plaintiffs out for disciplinary action related to time keeping;

b) Failing to provide Plaintiffs with progressive disciplinary measures that would have been and have been provided to other employees without such an association;

c) Imposing more severe disciplinary action than it had to others without such an association; and

d) Unlawfully denying Plaintiffs' employment opportunities, ie. health insurance benefits, and Plaintiff's Debra Trujillo's back pay upon their reinstatement.

33. As a direct and proximate result of Defendant's discriminatory acts, Plaintiffs have been injured as aforesaid.

**COUNT II**

**RETALIATION AND INTERFERENCE WITH PROTECTED RIGHTS**

34. Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 33 above.

35. Defendant adopted a Health Insurance Plan, to provide major medical benefits to employees of Defendant. Plaintiffs and their son were covered under such policy and were qualified for and entitled to the benefits claimed.

36. Plaintiffs are informed and believe and therefore allege that Defendant acted

with knowledge and with specific intent to retaliate against Plaintiffs for the previous exercise of their rights to claim insurance benefits and to interfere with Plaintiffs' right to the continued use of benefits protected by ERISA and in violation of Section 510 of the Act, 29 U.S.C. A. 1140.

37.    As a direct and proximate result of the discrimination against Plaintiffs have been prevented from exercising their rights to benefits.

WHEREFORE, Plaintiffs prays the Court enter judgment in favor of Plaintiffs and against Defendant as follows:

1.    For actual damages including back pay, incidental financial losses, lost benefits and lost earning capacity, in an amount to be determined at trial of this matter.

2.    For compensatory damages including emotional distress and loss of enjoyment of life.

3.    For punitive damages for the willful violation of the ADA.

4.    For their ERISA benefits.

5.    For attorney's fees and costs incurred in this action.

6.    For such other and further relief as is just and equitable in the premises.

DATED this ____ day of _____, 2005.

WILLIAM TRUJILLO and
DEBRA TRUJILLO, Plaintiffs

BY: _____
Sharon M. Rose
Lavery & Rose, P.C.
P.O. Box 890
Evanston, WY 82931-0890
Attorney for Plaintiffs

## JURY DEMAND

The Plaintiff hereby demands a trial by a jury in this matter.

DATED this ____ day of _____, 2005.

_____
Sharon M. Rose

10