SHARON M. ROSE
Lavery & Rose, P.C.
913 Center Street
P.O. Box 890
Evanston, WY 82931
Phone (307) 444-4200
Fax (307) 444-0559
srose@evanstonlaw.com

Attorney for Plaintiffs

FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

SEP - 2 2008

Stephan Harris, Clerk
Cheyenne

IN THE U.S. DISTRICT COURT

IN AND FOR THE DISTRICT OF THE STATE OF WYOMING

CIVIL NO. 05CV321B

| | |
|---|---|
| WILLIAM AND DEBRA TRUJILLO, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) |
| | ) |
| PACIFICORP, an Oregon corporation, | ) |
| | ) |
| Defendant. | ) |

### MOTION FOR APPROVAL OF SETTLEMENT

COMES NOW the Plaintiffs in the above entitled action and hereby moves this Court to approve the settlement of claims of William Trujillo in this matter.

As grounds herefore, your Movant respectfully shows the Court as follows:

1. On August 5, 2008, pursuant to Rule 17 of the Federal Rules of Civil Procedure this Court appointed Leonard Kaumo, attorney at law, as guardian ad litem for Plaintiff, William Trujillo. The appointment of a guardian ad litem was necessary as Plaintiff William Trujillo suffers from mental infirmities including major depressive disorder and has been hospitalized for the same on several occasions during the pendency of this action.

2. After a mediation which was held on July 17, 2008, an agreement to settle Mr. Trujillo's claims was reached contingent upon receipt of Court approval. The parties and the Court agreed that it was in Plaintiff William Trujillo's best interest to have a guardian appointed for the limited purpose of reviewing all necessary records, pleadings, and documents related to a proposed settlement of Mr. Trujillo's claims in this case to determine if the settlement was in Mr. Trujillo best interest and to make a report to the Court so that the Court may be fully informed when requested to approve the settlement.

3. Mr. Kaumo has now had a chance to review the relevant information and meet with Mr. Trujillo and has provided the Court with his report which is attached hereto. Mr. Kaumo has notified the Court that he finds Mr. Trujillo to be competent to enter into the settlement agreement and that settlement of the case on the terms and conditions reached is in Mr. Trujillo's best interest. Further, Mr. Kaumo states that he has reviewed the proposed form of release of the claims and believes it is appropriate.

WHEREFORE, Plaintiffs respectfully prays that the Court enter its Order Approving the Settlement of Plaintiff William Trujillo's claims finding it both reasonable and in the best interests of the Plaintiff.

DATED this 27th day of August, 2008.

> WILLIAM TRUJILLO and
> DEBRA TRUJILLO, Plaintiffs
>
> BY *(signature)*
> SHARON M. ROSE
> Lavery& Rose, P.C.
> P.O. Box 890
> Evanston, Wyoming 82931
> Phone (307) 444-4200
> Fax (307) 444-0559
> srose@evanstonlaw.com

### CERTIFICATE OF SERVICE

I hereby certify that on the 27 day of August, 2008, a true and correct copy of the above and foregoing document was served upon the following by electronic filing and by depositing copies thereof in the United States Mail, postage prepaid, addressed as follows:

Paul J. Hickey
and Richard D. Bush
Hickey & Evans, LLP
P.O. Box 467
Cheyenne, WY 82003-0467

*(signature)*

3

## Kaumo Law Office, P.C.

Leonard A. Kaumo, Attorney at Law
531 N. Front Street
Post Office Box 700
Rock Springs, WY 82902
Telephone (307) 382-7700

August 26, 2008

Honorable Clarence A. Brimmer
U.S. District Court
2120 Capitol Avenue, Room 2603
Cheyenne, WY 82001

Dear Judge Brimmer,

I have reviewed the following documents relative to Mr. Trujillo, his claims against his former employer and his competency

    A.    A copy of a court order from the Third Judicial District Court in and for the State of Wyoming and dated July 10, 2007, finding Mr. Trujillo to be a mentally ill person but competent to make medical decisions and ordering him to the State Hospital

    B.    The discharge summary from Pine Ridge where Mr. Trujillo stayed until his admission at the State Hospital

    C.    The State Hospital Records and his August 9, 2007 discharge statement

    D.    A copy of the Tenth Circuit Court opinion regarding the case.

    E.    A copy of the Plaintiffs mediation statement

    F.    A copy of the letter from Joe Vlastos outlining the confidential settlement

    G.    A copy of the proposed settlement agreement together with correspondence between the attorneys relative to revisions to the agreement.

In addition to my review of the above documents, I met with Mr. Trujillo alone and with family members on two recent occasions. I would note for the Court that I have known Mr. Trujillo personally for many years as we both resided in the Rock Springs area for most of our lives.

It is my opinion based upon my knowledge of Mr. Trujillo, a review or the records and conversations with him and his family members, that he is competent to make the

decisions involved in settling his lawsuit and handling his own finances. While I am aware that Mr. Trujillo suffers from mental infirmities including major depressive disorder and has been hospitalized for the same on occasions over the last several years, it appears that his condition is stable now. Mr. Trujillo's past hospitalizations have usually lasted for a few weeks or a couple months at a time and once he his medications are adjusted and he has had time to stabilize he is then able to live independently and handle his own affairs.

The medical records show that upon his discharge from the State Hospital in August of 2007, he was found to be competent to manage his own affairs. It has been a year now since his last hospitalization and he appears to be doing fine. He has continued counseling on an out patient basis in Rock Springs since his discharge. He takes appropriate medication for his illness.

When I met with Mr. Trujillo he was very much aware of the reasons for our visit, was alert and aware of the date, time and place and his long term as well as short term memory seemed fine. He was able to discuss the lawsuit and the proposed settlement and the reasons that he desired to compromise and settle his claims. His thought process appeared logical and appropriate to me. I too believe that settlement of his claims and not having to undergo the stress of litigation is in Mr. Trujillo's best interest.

Mr. Trujillo is currently living with his daughter as he and his wife divorced approximately a year ago and their house was sold in the process. He is unemployed and it is doubtful that he would be able to maintain any steady employment. It should be noted that Mr. Trujillo is on social security disability which covers just basic expenses. The receipt of settlement monies will supplement this income but will not disqualify him from receipt of social security disability benefits. We discussed his plans for the settlement monies. His plans are appropriate and geared towards reasonable and necessary expenses such as repair of his vehicle. Therefore, given the amount of the settlement and Mr. Trujillo's competency, I do not see any reason for a formal guardianship or conservatorship.

Finally, I have reviewed the proposed settlement agreement and proposed revisions and it appears to be a standard acceptable release which adequately covers all necessary terms and conditions of the settlement.

Very Truly Yours,

Leonard A. Kaumo

LAK/dld
cc: Paul Hickey
    Kathleen Dent
    Sharon Rose